UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WOODS, HILDA QUINTANA, ALLEN MCCORKENDALE, WILLIAM CALDWELL, JOHN WASHINGTON, JOSEPH BELL, individuals, and CANGRESS, a non-profit California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>ALEXANDRIA HOUSING PARTNERS, L.P., LOGAN PROPERTY MANAGEMENT, INC., CITY OF LOS ANGELES, COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES,<br><br>　　　　　Defendants. | CASE NO. CV 07-08262 MMM (JWJx)<br><br>PRELIMINARY INJUNCTION |

　　　　On February 19, 2008, plaintiffs William Caldwell, Allen McCorkendale, Hilda Quintana, Leonard Woods, John Washington, Joseph Bell, and CANGRESS filed a motion for preliminary injunction. Plaintiffs' motion for a preliminary injunction seeks, in part, an order (1) compelling the City of Los Angeles and its Community Redevelopment Agency ("CRA-LA") (collectively, the "City defendants") to implement a valid relocation plan that provides relocation assistance to temporarily and permanently displaced Alexandria tenants before they are displaced; (2) prohibiting the City defendants from transferring any additional public funds to defendants Alexandria Housing Partners, L.P. and

Logan Property Management, Inc. (collectively, the "Developer defendants") without first ensuring that the Developer defendants are in compliance with their obligations under public funding programs; (3) prohibiting the Developer defendants from forcing any additional Alexandria tenants to move from their homes until the City defendants implement a valid relocation plan and provide mandated relocation assistance; and (4) prohibiting the Developer defendants from failing to provide reasonable accommodations and habitable living conditions for their tenants or otherwise failing to ensure meaningful access for their tenants with disabilities. After several stipulated continuances, defendants filed opposition on April 14, 2008, and the matter was heard on May 5, 2008.

After finding that plaintiffs had raised serious questions regarding the merits of their claim that the City defendants are required to provide relocation assistance to remaining and evicted tenants of the Alexandria Hotel, and demonstrated that the balance of hardships tipped sharply in their favor, the court granted plaintiffs' motion for preliminary injunction requiring the City defendants to provide relocation assistance in accordance with the HOME regulations. The court also granted plaintiffs' request for an order prohibiting the Developer defendants from forcing any additional Alexandria tenants to move from their homes until the City defendants provide the mandated relocation assistance to the remaining tenants.

After finding that plaintiffs had demonstrated they were likely to succeed on the merits of their claim that the Developer defendants had violated the Fair Housing Amendments Act, and shown a possibility of irreparable harm, the court granted plaintiffs' request for an order requiring the Developer defendants to provide reasonable accommodations and habitable living conditions to Alexandria tenants, including, but not limited to, heat, hot running water, working elevator service, and clean common areas.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure, the court adopts as the findings of fact and conclusions of law supporting its entry of a preliminary injunction its order granting plaintiffs' motion for a preliminary injunction dated May 22, 2008. A copy of the court's May 22, 2008 order is attached hereto as Exhibit "A," and incorporated herein as though fully set forth.

**PRELIMINARY INJUNCTION**

In accordance with the court's findings of fact and conclusions of law, IT IS HEREBY ORDERED that during the pendency of this action, defendants City of Los Angeles and Community Redevelopment Agency of the City of Los Angeles, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them are enjoined to (1) provide relocation assistance in accordance with the HOME Investment Partnerships Act, 42 U.S.C. §§ 12701 et seq., and its implementing regulations, 24 C.F.R. § 92.353(e) to any remaining tenants of the Alexandria Hotel who in the future are to be temporarily or permanently relocated; and (2) to use best efforts to locate and provide relocation assistance to any tenants evicted from the Alexandria Hotel during of the Developer defendants' rehabilitation project there.

IT IS FURTHER ORDERED that during the pendency of this action, defendant Alexandria Housing Partners, L.P., defendant Logan Property Management, Inc., their officers, agents, servants, employees, attorneys and all those in active concert or participation with the Developer defendants, are enjoined from either temporarily or permanently relocating any remaining tenant of the Alexandria Hotel until such time as the City defendants, their agents, servants, employees, attorneys, and all persons in active concert with them provide mandated relocation assistance to the remaining Alexandria tenants.

IT IS FURTHER ORDERED that during the pendency of this action, defendants Alexandria Housing Partners, L.P., Logan Property Management, Inc., their officers, agents, servants, employees, attorneys and all those in active concert or participation with them are enjoined to restore sand maintain heat and hot water in the Alexandria Hotel.

IT IS FURTHER ORDERED that during the pendency of this action, defendants Alexandria Housing Partners, L.P., Logan Property Management, Inc., their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them are enjoined to reconnect all running water and ensure uninterrupted running water service in the Alexandria Hotel.

IT IS FURTHER ORDERED that during the pendency of this action, defendants Alexandria Housing Partners, L.P., Logan Property Management, Inc., their officers, agents, servants, employees,

1  attorneys, and all those in active concert or participation with them are enjoined to maintain properly
2  working elevator service to all floors of the Alexandria Hotel, 24 hours per day, 7 days per week.
3      IT IS FURTHER ORDERED that during the pendency of this action, defendants Alexandria
4  Housing Partners, L.P., Logan Property Management, Inc., their officers, agents, servants, employees,
5  attorneys, and all those in active concert or participation with them are enjoined to remove any items
6  blocking paths of travel in the common areas within the Alexandria Hotel and to ensure that such
7  paths of travel remain clear, thereby providing safe, accessible, and adequately maintained common
8  areas.
9      IT IS FURTHER ORDERED that plaintiffs are not required to post bond.
10     IT IS FURTHER ORDERED that this injunction is effective immediately and will remain in
11 full force and effect until the final judgment of this court, or further order of this court, whichever occurs
12 first.

15 DATED: May 22, 2008                    _____
16                                          MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE