James J. McDonald, Jr. Bar No. 150605
E-mail: jmcdonald@laborlawyers.com
Christine D. Baran, Bar No. 158603
E-mail: cbaran@laborlawyers.com
Ron S. Brand, Bar No. 224809
E-mail: rbrand@laborlawyers.com
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendants
ALEXANDRIA HOUSING PARTNERS, L.P. and LOGAN PROPERTY MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WOODS, HILDA QUINTANA, ALLEN MCCORKENDALE, WILLIAM CALDWELL, JOHN WASHINGTON, JOSEPH BELL, individuals, and CANGRESS, a non-profit California corporation,<br><br>                    Plaintiffs,<br>     vs.<br><br>ALEXANDRIA HOUSING PARTNERS, L.P., LOGAN PROPERTY MANAGEMENT, INC., CITY OF LOS ANGELES, COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: CV 07-08262 MMM (JWJx)<br><br>**[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Complaint Filed: December 20, 2007<br>Judge: Hon. Margaret Morrow |

///
///
///
///
///
///

[PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
Irvine 519274.1

1  Plaintiffs, LEONARD WOODS, HILDA QUINTANA, ALLEN
2  MCCORKENDALE, WILLIAM CALDWELL, JOHN WASHINGTON, JOSEPH BELL,
3  and CANGRESS (collectively "PLAINTIFFS"), through their
4  attorney, and Defendants, ALEXANDRIA HOUSING PARTNERS, L.P.,
5  LOGAN PROPERTY MANAGEMENT, INC., CITY OF LOS ANGELES, COMMUNITY
6  REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES (collectively
7  "DEFENDANTS"), through their counsel, hereby stipulate and
8  agree that the preparation and trial of this action may require
9  the disclosure of documents, knowledge and information claimed
10 to contain or constitute private or confidential matters
11 including, but not limited to, individual tenant files and
12 personal financial information.
13     PLAINTIFFS and DEFENDANTS have therefore stipulated and
14 agreed to the entry of an order by the Court governing the use
15 and disclosure of certain documents, knowledge and information
16 revealed or discovered during the course of this action
17 including, but not limited to, individual tenant files and
18 personal financial information.
19     NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and
20 between PLAINTIFFS and DEFENDANTS, through their counsel,
21 that:
22     1.  The term "THIS ACTION" as used herein shall mean the
23 matter brought before the United States District Court, Central
24 District, styled *Leonard Woods et al. v. Alexandria Housing
25 Partners, L.P. et al.* (Case No.: CV 07-08262 MMM (JWJx)).
26     2.  Any documents, materials, individual tenant files,
27 personal financial information and/or information produced,
28 served or exchanged in the course of this action may be

1  designated as "CONFIDENTIAL" pursuant to the terms of this
2  Stipulated Confidentiality Agreement if the designating party
3  or attorney reasonably believes that such designation is
4  necessary to protect documents, materials, individual tenant
5  files, personal financial information and/or information of a
6  sensitive, proprietary or confidential nature.
7      3.  All documents, materials, individual tenant files,
8  personal financial information and/or information produced or
9  exchanged in the course of this action designated
10 "CONFIDENTIAL," shall be used solely for the purpose of THIS
11 ACTION, and shall not be made available to persons other than
12 QUALIFIED PERSONS (as defined in Paragraph 4, below) or the
13 party or non-party who produced the documents, materials and/or
14 information; except that (1) the parties hereto may use
15 documents, materials, individual tenant files, personal
16 financial information and/or information designated
17 "CONFIDENTIAL" in lodgings made with the court or in arguments
18 made to the court; (2) the parties hereto may use documents,
19 materials, individual tenant files, personal financial
20 information and/or information designated as "CONFIDENTIAL" in
21 depositions so long as that portion of the deposition
22 transcript referring to said documents, materials, individual
23 tenant files, personal financial information and/or information
24 or their subject matter as well as the documents and materials
25 themselves are sealed pursuant to the provisions of Paragraph 8
26 herein; and (3) the parties hereto may use documents,
27 materials, individual tenant files, personal financial
28 information and/or information designated as "CONFIDENTIAL" in

court proceedings or mediation between them. It is understood between the parties to this Stipulated Confidentiality Agreement that if documents, materials, individual tenant files, personal financial information and/or information designated "CONFIDENTIAL" are used in this Action, the party introducing those documents, materials, individual tenant files, personal financial information and/or information will take all reasonable steps to protect the confidentiality of the documents, materials, individual tenant files, personal financial information and/or information, including, for example, notifying the court or mediator of this Stipulated Confidentiality Agreement.

    4. "QUALIFIED PERSON" as used herein means: (a) a party hereto, an officer, partner, or director of a party hereto, or in-house counsel of a party having responsibility for or working on THIS ACTION, or (b) outside counsel employed by a party to THIS ACTION, or an employee of such counsel to whom it is necessary that the documents, materials, individual tenant files, personal financial information and/or information be shown for purposes of THIS ACTION, or (c) other employees of a party for the purpose of working directly on THIS ACTION at the request or at the direction of counsel, or (d) non-attorneys retained by a party or its attorneys of record in THIS ACTION to assist in THIS ACTION, such as independent accountants, expert witnesses, consultants or other technical experts, (e) court reporters actually involved in transcribing depositions and proceedings in this litigation, or (f) nonparty witnesses and/or deponents but only during the course of their deposition

1  or testimony given in connection with THIS ACTION.
2       In the event that any QUALIFIED PERSON to whom
3  "CONFIDENTIAL" documents, materials, individual tenant files,
4  personal financial information and/or information is disclosed
5  ceases to engage in the preparation for trial in THIS ACTION,
6  access by such QUALIFIED PERSON to such documents, materials,
7  individual tenant files, personal financial information and/or
8  information shall be terminated. However, the provisions of
9  this Order shall remain in full force and effect as to any
10 QUALIFIED PERSON who has been given access to "CONFIDENTIAL"
11 documents.
12      5. "CONFIDENTIAL" designations in accordance with
13 paragraph 2 above shall be made as follows:
14           (a) Designation of documents, materials, individual
15 tenant files, personal financial information and/or information
16 as "CONFIDENTIAL" shall be made by conspicuously stamping or
17 writing "CONFIDENTIAL" on each page thereof or, if the document
18 is more than one page long, by conspicuously stamping or
19 writing "CONFIDENTIAL" on the first page thereof.
20           (b) Designation of a deposition, or portions
21 thereof, as "CONFIDENTIAL" shall be made by a statement on the
22 record by counsel for the party or other person making the
23 designation at the time of such testimony. The portions of
24 depositions so designated as "CONFIDENTIAL" shall be taken only
25 in the presence of persons qualified to receive such
26 information pursuant to the terms of this Stipulated
27 Confidentiality Agreement, the court reporter, the deponent,
28 and the deponent's attorney. The parties shall instruct the

1  court reporter to segregate such portions of the deposition in
2  a separate transcript designated as "CONFIDENTIAL." Portions
3  of such deposition transcripts shall be clearly marked as
4  "CONFIDENTIAL" on the cover or on each page, as appropriate.

5      (c)  Any party may designate documents, materials,
6  individual tenant files, personal financial information and/or
7  information as "CONFIDENTIAL" even if not initially designated
8  as "CONFIDENTIAL" in accordance with the terms of this
9  Stipulated Confidentiality Agreement by so advising counsel for
10  each other party in writing within thirty (30) days after the
11  delivery of said documents, materials, individual tenant files,
12  personal financial information and/or information or receipt of
13  the deposition transcript that it wishes to designate as
14  "CONFIDENTIAL." Until the thirty-day period expires, all
15  discovery shall be treated as "CONFIDENTIAL." Thereafter,
16  documents, materials and/or information designated as
17  "CONFIDENTIAL" shall be treated in accordance with the terms of
18  this Stipulated Confidentiality Agreement.

19    6.  Any party has the right to challenge any
20  "CONFIDENTIAL" designation made by any other party pursuant to
21  this Stipulated Confidentiality Agreement.

22    (A)  If any party objects in writing to the "CONFIDENTIAL"
23  designation of any documents, materials, individual tenant
24  files, personal financial information and/or information, the
25  designating party shall file an application to have the court
26  determine whether the documents, materials, individual tenant
27  files, personal financial information and/or information
28  designated as "CONFIDENTIAL" is in fact confidential, and such

application shall be filed and served within ten (10) days after receipt of the written objection.

(B) If any party receives documents, materials, individual tenant files, personal financial information and/or information that have not been designated as "CONFIDENTIAL" but believes that such documents, materials, individual tenant files, personal financial information and/or information is confidential, the party requesting "CONFIDENTIAL" designation of the documents, materials and/or information shall send written objection to the producing party requesting a "CONFIDENTIAL" designation. If the producing party does not agree to such designation, the party requesting the "CONFIDENTIAL" designation shall file an application to have the court determine whether the documents, materials, individual tenant files, personal financial information and/or information not designated as "CONFIDENTIAL" is in fact confidential, and such application shall be filed and served within ten (10) days after sending the written objection. The party seeking the "CONFIDENTIAL" designation shall have the burden of proving that the designated documents, materials, individual tenant files, personal financial information and/or information is entitled to protection.

The contested "CONFIDENTIAL" documents, materials, individual tenant files, personal financial information and/or information shall be treated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement until the court rules otherwise. If no application is filed within ten (10) days after receipt of the written objection in the manner set forth

in paragraph 6(A) above, or if no application is filed within ten (10) days after sending written objection in the manner set forth by paragraph 6(B) above, the contested documents, materials, individual tenant files, personal financial information and/or information shall no longer be treated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement after the expiration of the ten-day period.

7. If for some reason "CONFIDENTIAL" documents, materials, individual tenant files, personal financial information and/or information are to be disclosed to a third-party witness at a deposition, or to an expert or consultant, or to anyone else entitled to receive such documents, materials, individual tenant files, personal financial information and/or information under this Stipulated Confidentiality Agreement, prior to such documents, materials, individual tenant files, personal financial information and/or information being disclosed, a copy of this Stipulated Confidentiality Agreement shall be shown to such individual and his or her agreement to abide by the terms of this Stipulated Confidentiality Agreement by maintaining the "CONFIDENTIAL" nature of documents, materials, individual tenant files, personal financial information and/or information provided shall be obtained by counsel. Such agreement shall be reflected by having that person sign a copy of this Stipulated Confidentiality Agreement. If such individual refuses to assent to be bound by this Stipulated Confidentiality Agreement, disclosure to that individual of "CONFIDENTIAL" documents, materials, individual tenant files, personal

1  financial information and/or information shall not be permitted
2  without an Order of the court or agreement between the parties.
3      8.  The original, and all copies, of any deposition or
4  portion thereof taken herein and designated as "CONFIDENTIAL"
5  shall be so designated by the reporter.  The court reporter
6  shall label the envelope in which the deposition transcripts
7  are maintained: "This deposition was taken subject to the
8  Stipulated Confidentiality Agreement."  The reporter shall
9  provide copies of such deposition transcripts only to the
10 deponents and the attorneys for the parties hereto.  If the
11 deposition transcript or any portion thereof is lodged or
12 otherwise provided to the court, the transcript will be subject
13 to the provisions of this Order.
14     9.  Within 15 days after conclusion of trial, or as
15 otherwise agreed to by the parties in writing, any originals or
16 reproductions of any "CONFIDENTIAL" documents, materials,
17 individual tenant files, personal financial information and/or
18 information produced by a party or non-party shall be returned
19 to the producing party or non-party upon request.
20     10. Nothing in this Stipulated Confidentiality Agreement
21 shall prohibit a party from seeking additional, modified or
22 further protection of "CONFIDENTIAL" documents, materials,
23 individual tenant files, personal financial information and/or
24 information during or before the trial of THIS ACTION by
25 stipulation among all the parties, approved by the court; by
26 application to the court, or by the court's Order.
27     11. This Stipulated Confidentiality Agreement and the
28 agreements embodied herein shall survive the termination of

1  THIS ACTION and continue in full force and/or effect
2  thereafter.
3     12. The provisions of this Stipulated Confidentiality
4  Agreement are intended solely to facilitate the preparation and
5  trial of THIS ACTION, and shall not be construed in any way as
6  an admission or agreement by any party that any documents,
7  materials, individual tenant files, personal financial
8  information and/or information does or does not constitute or
9  contain private or confidential information.
10    13. It is understood by the parties that this Stipulated
11 Confidentiality Agreement neither addresses nor resolves issues
12 relating to classified documents, materials, individual tenant
13 files, personal financial information and/or information.
14    14. Nothing in this Stipulated Confidentiality Agreement
15 shall be construed to affect either the discoverability or
16 admissibility at trial of any documents, materials, individual
17 tenant files, personal financial information and/or information
18 nor shall any party's entry into this Stipulated
19 Confidentiality Agreement be deemed to waive either its, his,
20 or her right to object to the production of documents,
21 materials, individual tenant files, personal financial
22 information and/or information on appropriate grounds, or to
23 move to compel the production of documents, materials,
24 individual tenant files, personal financial information and/or
25 information wrongfully withheld from production by another
26 party or entity.
27    15. All new parties hereafter brought into the
28 litigation shall be bound by the terms of this Stipulated

1  Confidentiality Agreement. Any such party may, by noticed
2  motion and for good cause, seek an order from the court for
3  relief from applicability of this Stipulated Confidentiality
4  Agreement.

7  Dated: June ____ , 2008         _____

                                   THE HONORABLE MARGARET
                                   MORROW